AO 243 (Rev. 2/95)

RECEIVED

JAN 09 2006

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Minnesota | |
|---|---|---|
| Name of Movant Dwayne Travoy Dillard | Prisoner No. 09424-041 | Case No. CR 01-299 MJD |
| Place of Confinement F.M.C. - Rochester, Minnesota | | CV 07-172 MJD |

UNITED STATES OF AMERICA v. DWAYNE TRAVOY DILLARD (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S. District Court, District of Minnesota, Minneapolis, Minnesota

2. Date of judgment of conviction May 29, 2003

3. Length of sentence 235 Months

4. Nature of offense involved (all counts) Conspiracy to Possess with Intent to Distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and 846.

5. What was your plea? (Check one)
   - (a) Not guilty ☐
   - (b) Guilty ☒
   - (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   Guilty Plea to one count only (Count 1)

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury ☐
   - (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

SCANNED
JAN 16 2007
leg
U.S. DISTRICT COURT ST. PAUL

FILED JAN 09 2007
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED ____
DEPUTY CLERK'S INITIALS ____

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

(a) Name of court U.S. Court of Appeals for the Eighth Circuit File No. 03-2519

(b) Result Judgments of the District Court Affirmed June 7, 2004

(c) Date of result Petition for Writ of Certiorari denied January 9, 2006 File No. 05-7946

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ______

(2) Nature of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______

(6) Date of result ______

(b) As to any second petition, application or motion give the same information:

(1) Name of court ______

(2) Name of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______________________________

(6) Date of result ______________________________

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ☐ No ☐

(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

______________________________

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

<u>CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Conviction obtained by plea of guilty which was not made with an understanding of the consequences of the plea.

Supporting FACTS (state *briefly* without citing cases or law): The movant believed, based upon promises made by his trial court attorney, that his base offense level of 32 would not be increased for specific offense characteristics under 2D1.1 or for adjustments under 3B1.1 or 3C1.1, AND that he would receive a 3-level reduction for acceptance of responsibility under 3E1.1, and therefore the movant was convinced by his trial court attorney he would receive a sentence of 120 months. Otherwise the movant would not have pleaded guilty.

B. Ground two: The trial judge committed plain error by granting a 2-level increase for role in the offense, resulting in an unlawful sentence AND possessing a firearm

Supporting FACTS (state *briefly* without citing cases or law): The presentence report was disclosed to both counsel on August 21, 2002. A 2-level increase for aggravating role was found to be unwarranted. The government's attorney did not submit any written objection to this conclusion in the PSI until February 5, 2003 more than five months after the 14-day time requirement of FRCP 32(f)(1) and establishing good cause for the objection. The government should have been precluded from raising this objection. Possession of a firearm was NOT by the movant and was NOT foreseeable - the erred when it increased the base level by 2 levels for this characteristic.

C. Ground three: The trial judge abused his discretion by not granting a 2-3 level decrease for acceptance of responsibility resulting in an invalid sentence.

Supporting FACTS (state *briefly* without citing cases or law):
The movant pleaded guilty to Count 1 (Conspiracy) and acknowledged his conduct in detail for this offense. The fact that he subsequently challenged an accusation that he obstructed justice by attempting to intimidate a witness should not preclude a decrease for acceptance of responsibility by pleading guilty to the substantive offense and sparing the government the time and expense of a trial.

AO 243 (Rev. 2/95)

D. Ground four: Denial of effective assistance of counsel

Supporting FACTS (state *briefly* without citing cases or law): The plea agreement and sentencing stipulations trial counsel persuaded the movant to sign, with the government free to argue for three separate enhancements and the denial of acceptance of responsibility, is essentially a straight plea with no agreement. All three enhancements granted by the trial judge were based upon a preponderance of the evidence and without admissions by the movant. The trial court attorney failed to make any objections or preserve the issues relative to these enhancements based upon Apprendi or the Sixth Amendent, and in light of the mandates of Blakely, Booker, et al.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: none of the grounds were presented because movant [redacted] had the same attorney on appeal as [redacted] did at the trial level and his attorney [redacted] would not or did not argue his own ineffectiveness and would not or neglected to raise these issues as [redacted] requested.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing

(b) At arraignment and plea

Leon A. Trawick, 401 Seond Avenue South, Ste 550, Minneapolis, MN 55401

(c) At trial

NA

(d) At sentencing

Leon A. Trawick

AO 243 (Rev. 2/95)

(e) On appeal Leon A. Trawick and Robert D. Sicoli, 2520 Park Avenue South, Minneapolis, MN 55404

(f) In any post-conviction proceeding (this proceeding) Daniel B. Mohs, 201 Ridgewood Avenue, Minneapolis, MN 55403 Tel: 612-870-1616

(g) On appeal from any adverse ruling in a post-conviction proceeding NA

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: ________

(b) Give date and length of the above sentence: ________

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all ~~relief to which he~~ may be entitled in this proceeding.

____________________
Signature of Attorney (if any)
MN ATTY LIC. NO. 0160374

I declare under penalty of perjury that the foregoing is true and correct. Executed on

____________________
Date

____________________
Signature of Movant