UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-299 (MJD)
Civil No. 07-172 (MJD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | GOVERNMENT'S OPPOSITION TO |
| | ) | DEFENDANT'S MOTION TO VACATE |
| v. | ) | SENTENCE PURSUANT TO |
| | ) | 28 U.S.C. § 2255 |
| DWAYNE TRAVOY DILLARD, | ) | |
| | ) | |
| Petitioner. | ) | |

United States of America, appearing through its attorneys, Rachel K. Paulose, United States Attorney, and David P. Steinkamp, Assistant United States Attorney, herein responds in opposition to Defendant Dwayne Travoy Dillard's Motion to Correct Sentence pursuant to 28 U.S.C. § 2255.

PROCEDURAL BACKGROUND

Defendant Dwayne Dillard was charged in a multi-count superseding indictment with his co-defendant Ashley Scaife on November 20, 2001. Both defendants were charged with Conspiracy to Distribute in Excess of Fifty Grams of Cocaine Base (Crack) in Count 1, and with Conspiracy to Distribute in Excess of 5,000 Grams of Cocaine all in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On March 5, 2002, both defendants Dillard and Scaife pleaded guilty to Count 1 of the superseding indictment. Defendants challenged the conclusions of the Presentence Report, and on February 11, 2003, an evidentiary hearing was held before this Court.

At sentencing, on May 29, 2003, this Court sentenced the Defendant Dillard to a 235-month prison term. (Sent. Tr. at 7.) In reaching its sentence for Defendant, the Court found his criminal history category was I, and the base offense level was thirty-two. The Court found that three separate two-level increases were warranted, finding a total offense level of thirty-eight. The Court assessed the two-level increases pursuant to U.S.S.G. Section 3C1.1 for obstruction of justice, to U.S.S.G. Section 2D1(b) for possession of a dangerous weapon, and to U.S.S.G. Section 3B1.1(c) for leadership role. Furthermore, the Court denied any reduction for acceptance of responsibility and found that Defendant would not receive the "safety valve" under U.S.S.G. Section 5C1.2.

Defendant appealed his conviction and sentence, which the Eighth Circuit affirmed on June 7, 2004. See United States v. Dillard, 370 F.3d 800 (8th Cir. 2004). On appeal, Defendant claimed that the District Court erred when it applied the two-level enhancements to the base offense level of his sentence for leadership role, possession of a dangerous weapon and obstruction of justice. Defendant also claimed the District Court erred when it refused to reduce his sentence for acceptance of responsibility.

Dillard filed a Petition for Writ of Certiorari with the United States Supreme Court which was denied on January 9, 2006. Dillard v. United States, (No. 05-7946 (2004)).

On January 16, 2007, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts the following grounds:

1. The conviction is invalid because Defendant did not understand the consequences of his plea agreement.

2. The trial court committed plain error by granting base level increases, resulting in an unlawful sentence.

3. The trial court abused its discretion by denying a base level decrease for acceptance of responsibility, resulting in an invalid sentence.

4. Counsel denied effective assistance by virtue of his alleged failure to object to three separate enhancements and denial of acceptance of responsibility or to preserve the issues relative to these enhancements based upon Apprendi or the Sixth Amendment and in light of the mandates of Blakely and Booker.

The government opposes this motion and submits the following memorandum in response.

## ARGUMENT

### I. PETITIONER'S 18 U.S.C. § 2255 MOTION SHOULD BE DENIED BECAUSE HE IS BOUND BY THE PLEA AGREEMENT HE KNOWINGLY AND VOLUNTARILY ENTERED INTO WITH THE UNITED STATES.

Rule 11 of the Federal Rules of Criminal Procedure requires the district court to address the defendant in open court and to determine that the defendant understands "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G).

Courts should "look to the 'totality of the circumstances' when deciding whether the district court erred in its determination" under Rule 11. United States v. Davis, 79 Fed. Appx. 943, 945, 2003 WL 1539586, at **1 (8th Cir. 2003)(quoting United States v. Marks, 38 F.3d 1009, 1011 (8th Cir. 1994); United States v. Nieuwsma, 779 F.2d 1359, 1361 (8th Cir. 1985)). Looking to the "totality of the circumstances" includes considering the indictment, the discussions a defendant had with his attorney, "and any other facts in the record that might support the district court's finding." Davis at 945.

Petitioner claims in Ground One that his plea was involuntary because his counsel told him he would not receive enhancements for specific offense characteristics and that he would receive a three-level reduction for acceptance of responsibility. (Pet. Mot. at 5.) Petitioner's claim that he did not understand the consequences fails on its merits because the Court determined that he understood the nature of the plea. Petitioner's case record also contains "other facts" that support the District Court's determination that petitioner sufficiently understood the sentence.

Petitioner and his attorney signed their names to a written plea agreement which set out the maximum punishment for this offense (life imprisonment). (See Plea Agreement and Sentencing Stipulations at 2.) Petitioner agreed that he understood he would be sentenced in accordance with the applicable Sentencing

Guidelines, and that the positions of the parties with respect to sentencing factors and adjustments were not binding upon the Court. (Id. at 3.) The Guideline Range the Petitioner agreed to in the Plea Agreement was 120 to 327 months. (Id. at 5.)

At the change-of-plea hearing on March 5, 2002, before the Honorable Michael J. Davis, Defendant stated that he understood the Plea Agreement and Sentencing Stipulation document. (Plea Tr. at 9.) Defendant admitted he had enough time to review the Plea Agreement and Sentencing Stipulations with his attorney, (Plea Tr. at 10), that his attorney answered all of Defendant's questions, (Plea Tr. at 11), and that no other promises had been made to Defendant other than what was in the Plea Agreement and Sentencing Stipulations that he signed on the day of the plea, (Plea Tr. at 14). Defendant also told the Court that he understood the agreement did not bind the Court as far as sentencing, (Plea Tr. at 16), and that the Court may sentence higher than what the Defendant had expected, (Plea Tr. at 17).

This showing that the Court sufficiently informed petitioner of the nature of the conspiracy charge at his plea hearing also provides persuasive evidence that the District Court was correct in determining that petitioner understood the charge for which he pled guilty. See Marks, 38 F.3d 1009 at 1011 (when a defendant indicates at the plea hearing that he had read the indictment and understood the charges against him, "[s]uch statements at the plea hearing

provide persuasive evidence of an understanding" of the nature of the charges (quoting United States v. Young, 927 F.2d 1060, 1064 (8th Cir. 1991))).

II. PETITIONER'S CLAIMS OF AN INVALID SENTENCE AND FAILURE TO PRESERVE ISSUES FOR APPEAL ARE PROCEDURALLY BARRED.

Title 28 U.S.C. § 2255 requires a prisoner to show that he has the right to be released because:

> the sentence was imposed in violation of the Constitution or laws of the United states, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.

A motion pursuant to § 2255 may not serve as a substitute for a direct appeal. "Relief under § 2255 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.'" Blom v. United States, 2003 WL 21639165, *2 (D. Minn. July 2, 2003) (unreported) citing United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

It is well-established that a Section 2255 motion may not be employed to collaterally attack issues that have been raised and decided on direct appeal. United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001); United States v. McGee, 201 F.2d 1022, 1023 (8th Cir. 2000) (per curiam); Dall v. United States, 957 F.2d 571, 572

(8th Cir. 1992) (per curiam); United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam); United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam).

Petitioner's claims in Grounds Two and Three, that the Court committed plain error and abused its discretion, resulting in an invalid sentence, were addressed and decided on direct appeal. Petitioner challenged the validity of his sentence. The Eighth Circuit specifically affirmed each of three two-level sentence enhancements and the trial court's denial of sentence reduction in United States v. Dillard, 370 F.3d 800, 806 (8th Cir. 2004). In light of this procedural posture, Petitioner's claims of an invalid sentence due to enhancements for role in the offense, possession of firearms, obstruction of justice, and a denial of reduction for acceptance of responsibility, are barred.

Petitioner further claims in Ground Four that the issues relative to the sentence enhancements had not been preserved in light of mandates established in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005). However, the Eighth Circuit in fact had addressed and decided Petitioner's claim to vacate the mandate. On February 3, 2005, in light of the Blakely decision, the Eighth Circuit granted Appellants' (Dillard and Scaife) Joint Motion to Recall the Court's Mandate. The parties filed supplemental briefs on the applicability of Booker, and later filed second supplemental briefs addressing

how Booker and United States v. Pirani, 406 F.3d 543 (8th Cir. 2005), affected their cases. The Eighth Circuit entered an Order on September 2, 2005, denying the Motion to Recall the Mandate. (No. 03-2518, Sept. 2, 2005, unpublished.) According to the Order, Defendants failed to meet their burden of establishing plain error under Johnson v. United States, 520 U.S. 461, 466-67 (1997). The Eighth Circuit did not find the sentences unreasonable in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). Therefore, Petitioner's claim that issues relative to Blakely and Booker had not been preserved is procedurally barred.

## III. PETITIONER HAS FAILED TO MEET THE HEAVY BURDEN NECESSARY TO DEMONSTRATE AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

Under 28 U.S.C. § 2255, a prisoner may bring a motion to correct a sentence if the sentence was imposed in violation of the Constitution or federal law. The Supreme Court in Strickland v. Washington, 466 U.S. 668, 686 (1984), establishes as the "benchmark" for deciding such claims whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. To prevail on a claim of ineffective assistance of counsel, a defendant must show both that "counsel's performance was deficient" and that the defendant suffered prejudice as a result of the deficient performance. Strickland, 466 U.S. at 687. Petitioner has failed to meet one or both prongs of the Strickland test relative to each error he claims his counsel made.

Petitioner claims that counsel failed to make any objections to sentencing enhancements or to the denial of acceptance of responsibility, thus failing to preserve the issues based upon Apprendi or the Sixth Amendment, in light of the mandates of Blakely and Booker. To the extent that this argument is a reiteration of Petitioner's arguments regarding invalid sentencing and failure to preserve appeals in Grounds Two, Three and Four, those claims have been addressed *supra*.

To the extent that Petitioner is claiming ineffective assistance of counsel in violation of the Sixth Amendment, Petitioner's claim must fail if not procedurally barred.

### A. TRIAL COUNSEL DID NOT ERR IN PRESERVING ISSUES RELATIVE TO SENTENCING ENHANCEMENTS AND REDUCTIONS, AND TO BLAKELY AND BOOKER.

Petitioner cannot show his attorney's performance was deficient; therefore, the claim fails the first prong of the Strickland test. To show that "counsel's performance was deficient," the defendant must show that counsel's errors were so serious that "counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. He must specify acts or omissions on the part of counsel that were not the "result of reasonable professional judgment." Id. at 690. The Court's review of counsel's performance should be highly differential. Id. at 689. Moreover, there is a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance. Id.

In fact, Petitioner's counsel preserved for appeal the three sentence enhancements and the denial of sentence reduction for acceptance of responsibility. Additionally, neither Blakely nor Booker had been decided as of the time of Petitioner's sentencing (2003); counsel could not have objected or preserved the issues relating to Blakely and Booker mandates at the plea hearing or at sentencing. Therefore, counsel did not err, i.e., his performance in preserving objections for appeal were sufficient.

B. NO PREJUDICE RESULTED FROM COUNSEL'S ASSISTANCE.

Even if any or all of the claims raised in this motion rise to the level of deficient performance by Defendant's counsel, the motion should still be denied because Petitioner has failed to satisfy the second prong of the Strickland test. That is, Strickland also requires that the error result in actual prejudice to the defendant. See id. at 687.

To show prejudice, a defendant must show that there is a reasonable probability that the results of the proceeding would have been different but for counsel's errors. Id. at 694. See also El-Tabech v. Hopkins, 997 F.2d 386, 389 (8th Cir. 1993). A defendant must show that the proceedings were rendered fundamentally unfair or unreliable by counsel's deficient

performance. El-Tabech, 997 F.2d at 389. Mere speculation cannot satisfy the high standards set forth in Strickland.

Petitioner is unable to meet this burden. Contrary to Petitioner's contentions, the record shows that his counsel aggressively argued his case. Counsel provided reasonable professional assistance in objecting to and preserving the issues relative to sentencing enhancements. Counsel objected to the Presentence Investigation report. (See Letter to the U.S. Probation Officer, Sept. 26, 2002.) In Petitioner's evidentiary hearing, counsel objected to the government's position on enhancements based on leadership role and obstruction of justice, (Evidentiary Hr'g at 6-7), and on denial of acceptance of responsibility, (id. at 7). At sentencing, counsel moved the Court to reconsider the findings of the evidentiary hearing which resulted in the base level increases and denial of acceptance of responsibility, (S. Tr. at 3, 9-10), and also requested sentencing at the low end of the guidelines in this matter. (Id. at 4-5.) Although the Court did not reconsider the findings from the evidentiary hearing, it did sentence Petitioner at 235 months from a range of 235-293 months, at the low end of the guidelines, as Petitioner's counsel had argued. Subsequent to the sentencing in this matter, Petitioner's counsel prepared a Notice of Appeal and did appeal Defendant's sentence to the Eight Circuit and, in fact, received a decision.

At or about the same time as the sentence was affirmed, the Blakely and Booker cases were decided, and, consequently, Petitioner's counsel prepared a motion to the Court of Appeals to recall the Court's mandate and allow the filing of supplemental briefs as it related to the Blakely and Booker decisions. The Eighth Circuit allowed the filing of supplemental briefs as it related to this case, and counsel filed the brief on February 16, 2005.

This record demonstrates a lack of prejudice resulting from the assistance of counsel. As a result, the Petitioner can meet neither prong of the Strickland test.

CONCLUSION

For the foregoing reasons, Petitioner's § 2255 motion seeking relief from his sentence should be denied and dismissed. Further, there is no legal issue significant enough here to warrant a Certificate of Appealability.

Dated: March 15, 2007

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

*s/David P. Steinkamp*
BY: DAVID P. STEINKAMP
Assistant U.S. Attorney
Attorney ID Number 178470