UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff/Respondent,

v.

Dwayne Travoy Dillard,

Defendant/Petitioner.

ORDER
Criminal No. 01-299 (MJD)
Civil No. 07-172

---

Petitioner is pro se.

David P. Steinkamp, Assistant United States Attorney for and on behalf of the United States.

---

This matter is before the Court upon the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.

Background

The Petitioner was charged in a multi-count Superseding Indictment on November 20, 2001. On March 5, 2002, Petitioner pleaded guilty to Count 1 of the Superseding Indictment which charged Conspiracy to Distribute in Excess of Fifty Grams of Cocaine Base ("Crack") in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Prior to sentencing, an evidentiary hearing was conducted concerning application of certain sentencing factors on February 11, 2003.

On May 29, 2003, the Petitioner was sentenced to a guideline sentence of 235 months in prison, followed by 5 years supervised release. Petitioner appealed his sentence, challenging this Court's application of sentencing enhancements for his role in the offense, for possession of a firearm and obstruction of justice. The sentence was affirmed on appeal. United States v. Dillard, 370 F.3d 800 (8th Cir. 2004). Petitioner then filed a Petition for Writ of Certiorari, which was denied on January 9, 2005. Dillard v. United States, 126 S.Ct. 1109 (2006).

Standard

A petition filed pursuant to 28 U.S.C. § 2255 is not a substitute for a direct appeal. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Collateral relief under § 2255 may be available for claims not raised on direct appeal, if: 1) such claims involve jurisdictional or constitutional issues, or involve a fundamental defect which inherently results in a complete miscarriage of justice; and 2) the Petitioner shows cause for the procedural default and resulting prejudice. Bedford v. United States, 975 F.2d 310, 313 (7th Cir. 1992).

Petitioner asserts he is entitled to relief because his counsel was ineffective in a number of ways. Ineffective assistance of counsel may constitute cause and prejudice. Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999). Claims of ineffective counsel are normally raised for the first time in collateral proceedings under 28 U.S.C. § 2255. United States v. Martinez-Cruz, 186 F.3d 1102, 1005 (8th

Cir. 1999).

A. Ineffective Assistance of Counsel

To succeed on a claim of ineffective assistance of counsel, a petitioner has the burden of showing that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, the Petitioner must demonstrate that: 1) counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and 2) counsel's deficient performance prejudiced the defense. Id. at 687. To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. There is a strong presumption that, considering all of the circumstances, counsel's performance was competent. As such, a court must give deference to counsel's decisions regarding trial strategy and tactics. Id. at 689.

Petitioner first argues that counsel was ineffective for not properly objecting to the government's untimely objection to the PSI concerning role in the offense. Generally, a party must file an objection to the PSI within 14 days of receipt. Fed. R. Crim. P. 32 (f)(1). The Court may, for good cause, allow a party to make a new objection at any time before sentence is imposed. Fed. R. Crim. P. 32(i)(1)(D).

Contrary to Petitioner's assertions, counsel did object to the untimely objection from the government. Evidentiary Hearing Tr. p. 6. Nonetheless, even if counsel's performance with respect to the untimely objection to the PSI was somehow deficient, Petitioner cannot show that he was prejudiced by such deficiency. In this case, the PSI was first completed in early October 2002. It became apparent that an evidentiary hearing would be necessary regarding certain sentencing enhancements. The evidentiary hearing was held, and based on the evidence presented, the Court found that a two level enhancement was warranted for Petitioner's role in the offense. Thus, even if the government was not allowed to object to the PSI to the extent that it did not recommend such an enhancement, the Court was free to apply the enhancement as evidence was presented to the Court in support.

Petitioner further argues counsel was ineffective because he did not object to the Court's imposition of the following sentencing enhancements: for possession of a firearm, obstruction of justice and leadership role. In a letter to the Court dated February 27, 2003, counsel provided detailed objections to all three sentencing enhancements. In addition, on appeal, counsel again argued against application of all three sentencing enhancements. Counsel was therefore not deficient in failing to raise such objections.

Nor can Petitioner show that he was prejudiced by such alleged deficiency. The Court held an extensive evidentiary hearing, and found by a preponderance of the evidence that the sentencing enhancements for obstruction of justice, possession of a firearm and leadership role were warranted. On the appeal, the Eighth Circuit Court of Appeals upheld the Petitioner's sentence, rejecting counsel's arguments opposing the enhancements.

IT IS HEREBY ORDERED that Petitioner's motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence [Docket No. 181] is DENIED.

Date: September 24, 2007

s / Michael J. Davis
Michael J. Davis
United States District Court