UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-299 (MJD)
Civil No. 07-172 (MJD)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br>DWAYNE TRAVOY DILLARD,<br><br>Petitioner. | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) |

United States of America, appearing through its attorneys, Rachel K. Paulose, United States Attorney, and David P. Steinkamp, Assistant United States Attorney, herein responds in opposition to Defendant/Petitioner Dwayne Travoy Dillard's Motion to Amend or Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e).

PROCEDURAL BACKGROUND

Defendant Dwayne Dillard was charged in a multi-count superseding indictment with his co-defendant Ashley Scaife on November 20, 2001. Both defendants were charged with Conspiracy to Distribute in Excess of Fifty Grams of Cocaine Base (Crack) in Count 1, and with Conspiracy to Distribute in Excess of 5,000 Grams of Cocaine all in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On March 5, 2002, both defendants Dillard and Scaife pleaded guilty to Count 1 of the superseding indictment. Defendants challenged the conclusions of the Presentence Report, and on February 11, 2003, an evidentiary hearing was held before this Court.

At sentencing, on May 29, 2003, this Court sentenced the Defendant Dillard to a 235-month prison term. (Sent. Tr. at 7.) In reaching its sentence for Defendant, the Court found his criminal history category was I, and the base offense level was thirty-two. The Court found that three separate two-level increases were warranted, finding a total offense level of thirty-eight. The Court assessed the two-level increases pursuant to U.S.S.G. Section 3C1.1 for obstruction of justice, to U.S.S.G. Section 2D1(b) for possession of a dangerous weapon, and to U.S.S.G. Section 3B1.1(c) for leadership role. Furthermore, the Court denied any reduction for acceptance of responsibility and found that Defendant would not receive the "safety valve" under U.S.S.G. Section 5C1.2.

Defendant appealed his conviction and sentence, which the Eighth Circuit affirmed on June 7, 2004. See United States v. Dillard, 370 F.3d 800 (8th Cir. 2004). On appeal, Defendant claimed that the District Court erred when it applied the two-level enhancements to the base offense level of his sentence for leadership role, possession of a dangerous weapon and obstruction of justice. Defendant also claimed the District Court erred when it refused to reduce his sentence for acceptance of responsibility.

Dillard filed a Petition for Writ of Certiorari with the United States Supreme Court which was denied on January 9, 2006. Dillard v. United States, (No. 05-7946 (2004)).

On January 16, 2007, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

On September 24, 2007, this Court denied Dillard's § 2255 motion.

On October 9, 2007, defendant filed his Federal Rule of Civil Procedure 59(e) motion to alter or amend the Court's Order denying his § 2255 motion.

## ARGUMENT

### I. PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT DENYING HIS § 2255 MOTION SHOULD BE DISMISSED BECAUSE IT IS AN UNSANCTIONED SUCCESSIVE § 2255 MOTION.

It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. United States v. Patton, 309 F.3d 1093 (8th Cir.2002). Pursuant to 28 U.S.C. § 2244(b)(1), "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

The Eighth Circuit has considered a case nearly identical to the instant case. In United States v. Lambros, 404 F.3d 1034 (8th Cir. 2005), the defendant, like Dillard, lost a motion to vacate under § 2255 and, like Dillard, filed a motion to reconsider the denial of his motion pursuant to Rule 59(e). The Court found that the district court correctly treated the defendant's Rule 59(e)

motions as a motion seeking § 2255 postconviction relief. The Court then concluded that the Rule 59(e) motion was properly denied because the defendant did not have authorization from the Court of Appeals to file a successive motion and the district court properly dismissed the Rule 59(e) motion. Id. at 1036-37.

This court should dismiss Dillard's motion on this basis.

II. EVEN IF THE COURT FINDS DEFENDANT'S MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT DENYING DEFENDANT'S § 225 MOTION WAS FILED IN A TIMELY MANNER, THE MOTION SHOULD BE DENIED.

Federal Rule of Civil Procedure 59(a) governs motions for new trials. Here the defendant was not subject to a civil trial and his motion is inapposite. No authority exists to use Rule 59 for reconsideration of a court's Order denying a § 2255 motion. Defendant's motion should be denied on this basis.

Even if the Court believes that Rule 59(e) is applicable, defendant has provided no basis to alter or amend the Court's prior ruling, other than to restate the same arguments he made in his original § 2255 motion. To prevail on a Rule 59(e) motion, a party must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover it before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would probably produce a different result. Greyhound Lines Inc. v. Wade, 485 F.3d 1032, 1036 (8th Cir. 2007).

Here defendant has made no such showing. His motion should be denied.

CONCLUSION

For the foregoing reasons, Petitioner's Federal Rule of Civil Procedure 59(e) motion should be denied and dismissed.

Dated: December 21, 2007

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

s/ David P. Steinkamp

BY: DAVID P. STEINKAMP
Assistant U.S. Attorney
Attorney ID Number 178470